UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ASHLEY ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13-2039 |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| WARDEN SHELITH HANSBRO, | ) | |
| TIMOTHY WARE, | ) | |
| CORRECTIONAL OFFICER FORAKER, | ) | |
| CORRECTIONAL OFFICER RINKER, | ) | |
| CORRECTIONAL SERGEANT BAYER, and | ) | |
| UNKNOWN CORRECTIONAL OFFICERS, | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Ashley Robinson, through her attorneys, MEYER & KISS, LLC, complains of the Defendants as follows:

## NATURE OF THE CASE

1. On September 15, 2012, while incarcerated at Decatur Correctional Center, Ms. Robinson was taken from her unit and sexually assaulted by Defendant TIMOTHY WARE. In this case, Ms. Robinson seeks damages against Defendant WARE to compensate her for her injuries. In addition, Ms. Robinson alleges that officials at Decatur assigned male officers to guard female prisoners without implementing procedures to protect those prisoners from sexual abuse, despite knowledge of the danger this situation posed to female prisoners.

## JURISDICTION AND VENUE

2. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this case arises under the Eighth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

3. Pendent and supplementary jurisdiction as to Plaintiff's claims under state law is invoked pursuant to 28 U.S.C. § 1367.

4. Venue is appropriate in the Central District of Illinois pursuant to 28 U.S.C. § 1391(b), as the events complained of occurred exclusively in this district.

### Plaintiff

5. Plaintiff Ashley Robinson is a 25-year-old woman, a citizen of the United States. Ms. Robinson is currently housed in Lincoln Correction Center. On September 15, 2012, Ms. Robinson was housed at Decatur Correctional Center, in the County of Macon in the State of Illinois.

### Defendants

6. Defendant SHELITH HANSBRO was, at the time of the occurrence alleged herein, the Warden of Decatur Correctional Center. Her powers and responsibilities as Warden included, without limitation, responsibility for promulgating and/or enforcing rules, regulations, and procedures to ensure the safety and security of those in his custody, including Plaintiff, Ashley Robinson.

7. Defendant TIMOTHY WARE is an officer employed by the Illinois Department of Corrections, assigned to Decatur Correctional Center at all times relevant hereto.

8. Defendant CORRECTIONAL OFFICER FORAKER was, at the time of the occurrence alleged herein, a correctional officer employed by the Illinois Department of Corrections ("IDOC"). At the time of the incident alleged herein, FORAKER was assigned to the housing unit to which Ms. Robinson was assigned.

9. Defendant CORRECTIONAL OFFICER RINKER was, at the time of the occurrence alleged herein, a correctional officer employed by the Illinois Department of Corrections ("IDOC").

10. Defendant CORRECTIONAL SERGEANT BAYER is an sergeant employed by the Illinois Department of Corrections, assigned to Decatur Correctional Center.

11. One of the unknown Defendant correctional officer was, at the time of the occurrence alleged herein, an investigator employed by the IDOC who was assigned to the IDOC's Internal Affairs division.

12. All of the defendants were, at the time of the occurrence alleged herein, employees of the Illinois Department of Corrections, assigned to the Decatur Correctional Center in Illinois. They engaged in the conduct complained of in the course of their employment with the Illinois Department of Corrections and while they were on duty. They are sued in their individual capacities.

13. At all times material to this complaint, defendants were acting under color of state law, ordinance, and/or regulation.

## Facts Common to All Counts

14. On September 15, 2012, Defendant TIMOTHY WARE called to Ms. Robinson's housing unit and requested that she be taken to the gym of the prison.

15. Defendant FORAKER approached Ms. Robinson and informed her that she needed to go to the gym area at the request of Defendant WARE.

16. Defendant FORAKER escorted Ms. Robinson to the hallway outside of her housing area.

17. In the hallway, Defendant RINKER and a currently unknown correctional officer assigned to the internal affairs division were talking.

18. Defendants RINKER and the unknown correctional officer told Defendant FORAKER that they would take Ms. Robinson to the gym.

19. Defendants RINKER and the unknown correction officer walked Ms. Robinson halfway down the hallway, then waived her on to continue walking alone.

20. Once Mr. Robinson reached the gym, Defendant WARE instructed her to sit down on a chair in the rear of the gym.

21. Defendant WARE then told Ms. Robinson that she needed to go to a classroom with him.

22. Prior to this occurrence, Defendant WARE had flirted with Ms. Robinson and other individuals housed at Decatur. Defendant WARE had previous accusations made against him regarding his inappropriate conduct with female inmates, especially female inmates that were talented singers.

23. Defendant WARE walked Ms. Robinson into a classroom and told her to wait. Defendant WARE left the classroom and locked Ms. Robinson in the classroom.

24. While doing rounds, Defendant BAYER walked passed the classroom. Defendant BAYER did not throughly look into the classroom.

25. Ms. Robinson could hear Defendant WARE and Defendant BAYER talking outside of the classroom. After a short conversation, Defendant WARE reentered the classroom.

26. Once back in th classroom, Defendant WARE ordered Ms. Robinson to follow him into a storage closet. Once they were both in the storage closet, Defendant WARE ordered Ms. Robinson to perform sexual acts on him.

27. After Defendant WARE was finished, he ordered Ms. Robinson to go back to her housing area and take a shower. Ms. Robinson was traumatized by the encounter. Approximately 2 weeks later, Ms. Robinson spoke with internal affairs and a representative from Springfield regarding the incident. Ms. Robinson was informed that they had video of Defendant WARE taking her into the gym and the classroom.

28. Ms. Robinson also spoke with a counselor regarding the incident and how it has effected her emotional health.

29. The next day after speaking about the incident, Ms. Robinson was transferred to Lincoln Correctional Center. Ms. Robinson has not received any follow-up regarding her complaint against Defendant WARE.

30. As a result of the Defendants' wrongful acts described herein, Ms. Robinson suffered and continues to suffer physical and psychological injuries, pain, suffering, severe mental distress, anguish, and humiliation.

## COUNT I
## DEFENDANT VIOLATED THE EIGHTH AMENDMENT
**(Unnecessary and Wanton Infliction of Pain)**
(vs. TIMOTHY WARE )

31. Plaintiff realleges paragraphs 1 through 30 of the Facts Common to All Counts as if they were set forth in full in this Count One.

32. The actions of Defendant TIMOTHY WARE in forcing Plaintiff Ashley Robinson to engage in sexual acts on September 15, 2012, constituted unnecessary and wanton infliction of pain and were done maliciously and sadistically for the very purpose of causing harm, and not in furtherance of any legitimate penological purpose, in violation of Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual punishment, as made applicable to the states by the Fourteenth Amendment.

**WHEREFORE**, Plaintiff Ashley Robinson requests that the Court enter a judgment in favor of Plaintiff and against Defendant TIMOTHY WARE for actual or compensatory damages.

Additionally, because the defendant acted maliciously, willfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutional rights, Plaintiff requests that she be awarded punitive damages from this Defendant. Plaintiff also requests that she be awarded her costs and attorney's fees pursuant to 42 U.S.C. § 1983, and whatever additional relief this Court deems equitable and just.

**COUNT II**
**DEFENDANTS FAILED TO PROTECT PLAINTIFF**
**IN VIOLATION OF HER EIGHTH AMENDMENT RIGHTS**
**(Deliberate Indifference to Need for Protection)**
(Defendants HANSBRO)

33.     Plaintiff realleges paragraphs 1 through 30 of the Facts Common to All Counts as if they were set forth in full in this Count Two.

34.     The unit where Ms. Smith was housed at Decatur on September 15, 2012, housed exclusively female prisoners.

35.     Defendant TIMOTHY WARE was permitted request Ms. Robinson come to the gym area of the prison without an escort.

36.     Defendant TIMOTHY WARE was permitted take Ms. Robinson into a classroom without a female officer present.

37.     Numerous national standards and international treaties and standards recognize the danger posed to female inmates who are guarded by male officers without a female officer present.

38.     There have been numerous instances within the Illinois Department of Corrections where male guards have sexually abused female inmates that they were supposed to be guarding.

39.     Upon information and belief, Defendant TIMOTHY WARE has had prior allegations made against him regarding improper contact with female inmates.

40.     Upon information and belief, Defendants HANSBRO had actual knowledge of this pattern of sexual abuse.

41.     Despite the established standards, the incidents of sexual abuse, and defendants' actual knowledge of this history of sexual abuse, Defendant HANSBRO failed to implement policies and procedures to protect female prisoners, including Ms. Robinson, who were housed at Decatur.

42.     Defendant HANSBRO's lack of regard for and conscious disregard for Plaintiff

Ashley Robinson's safety and security resulted in her sexual assault on September 15, 2012.

43.     The failure of Defendant HANSBRO to enact appropriate policies and procedures constituted willful and reckless conduct and/or deliberate indifference to her need for protection, and thus violated Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual punishment, as made applicable to the states by the Fourteenth Amendment.

44.     As a direct and proximate result of the above-described violation of Plaintiff's constitutional right to be free from cruel and unusual punishment by Defendant HANSBRO, Plaintiff suffered and continues to suffer physical and psychological injuries, pain, suffering, severe mental distress, anguish, and humiliation.

**WHEREFORE**, Plaintiff Ashley Robinson requests that the Court enter a judgment in favor of Plaintiff and against Defendant HANSBRO, for actual or compensatory damages. Additionally, because the Defendant HANSBRO acted maliciously, willfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutional rights, Plaintiff requests that the Court award her punitive damages from Defendant HANSBRO. Plaintiff also requests that the Court award her costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and whatever additional relief this Court deems equitable and just.

<u>**COUNT III**</u>
<u>**DEFENDANT FAILED TO PROTECT PLAINTIFF**</u>
<u>**IN VIOLATION OF HER EIGHTH AMENDMENT RIGHTS**</u>
**(Deliberate Indifference to Need for Protection)**
(Defendants FORAKER, RINKER and BAYER)

45.     Plaintiff realleges paragraphs 1 through 30 of the Facts Common to All Counts as if they were set forth in full in this Count Three.

46.     The unit where Ms. Robinson was housed at Decatur on September 15, 2012, housed exclusively female prisoners.

47.     On September 15, 2012, at the time Ms. Robinson was sexually assaulted, Defendant FORAKER and RINKER were assigned to the unit.

48.     Defendants FORAKER and RINKER permitted Ms. Robinson to go to the gym area in response to a request from Defendant WARE without another officer being present.

49.     Defendant BAYER was assigned to check on the classrooms when Ms. Robinson was

in the classroom. In this position, she should have observed Ms. Robinson alone in the classroom. Defendant BAYER failed to observe Ms. Robinson in the classroom and allowed Defendant WARE to go into the classroom alone with Ms. Robinson.

50. Numerous national standards and international treaties and standards recognize the danger posed to female inmates who are guarded by male officers without a female officer present.

51. There have been numerous instances within the Illinois Department of Corrections where male guards have sexually abused female inmates that they were supposed to be guarding.

52. Upon information and belief, Defendants FORAKER, RINKER and BAYER had actual knowledge of this pattern of sexual abuse.

53. Despite the established standards, the incidents of sexual abuse, and Defendants' actual knowledge of this history of sexual abuse, Defendant FORAKER, RINKER and BAYER allowed Defendant WARE to be alone with Ms. Robinson.

54. The lack of regard for and conscious disregard for Plaintiff Ashley Robinson's safety and security by Defendant FORAKER, RINKER and BAYER resulted in her sexual assault on September 15, 2012.

55. Allowing TIMOTHY WARE to take Ms. Robinson in the classroom without another officer being present constituted willful and reckless conduct and/or deliberate indifference to her need for protection, and thus violated Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual punishment, as made applicable to the states by the Fourteenth Amendment.

56. The failure of Defendant FORAKER, RINKER and BAYER to protect Ms. Robinson constituted willful and reckless conduct and/or deliberate indifference to her need for protection, and thus violated Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual punishment, as made applicable to the states by the Fourteenth Amendment.

57. As a direct and proximate result of the above-described violation of Plaintiff's constitutional right to be free from cruel and unusual punishment by Defendant FORAKER, RINKER and BAYER, Plaintiff suffered and continues to suffer physical and psychological injuries, pain, suffering, severe mental distress, anguish, and humiliation.

**WHEREFORE**, Plaintiff Ashley Robinson requests that requests that the Court enter a judgment in favor of Plaintiff and against Defendant FORAKER, RINKER and BAYER for actual

or compensatory damages.  Additionally, because Defendant FORAKER, RINKER and BAYER acted maliciously, willfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutional rights, Plaintiff requests that the Court award her punitive damages from these Defendants.  Plaintiff also requests that the Court award her costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and whatever additional relief this Court deems equitable and just.

### COUNT IV
### DEFENDANT ASSAULTED AND BATTERED PLAINTIFF
**(Pendent State Claim - Assault and Battery)**
(Defendant TIMOTHY WARE)

58.	Plaintiff realleges paragraphs 1 through 30 of the Facts Common to All Counts as if they were set forth in full in this Count Four.

59.	The actions of Defendant TIMOTHY WARE in sexually assaulting Plaintiff Ashley Robinson on September 15, 2012, were done intentionally, willfully and wantonly, or with such reckless disregard for their natural consequences as to constitute the torts of assault and battery under the laws and constitution of the State of Illinois, and did directly and proximately cause the physical and psychological injuries, pain and suffering, severe mental distress, anguish, humiliation, and loss of liberty as alleged above.

**WHEREFORE**, Plaintiff Ashley Robinson requests that the Court enter a judgment in favor of Plaintiff and against Defendant TIMOTHY WARE for actual or compensatory damages.  Additionally, because the Defendant acted maliciously, willfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutional rights, Plaintiff requests that she be awarded punitive damages from this Defendant.  Plaintiff also requests that she be awarded her costs and whatever additional relief this Court deems equitable and just.

### COUNT V
### DEFENDANT SEXUALLY ABUSED DEFENDANT
**(Pendent State Claim - Sexual Abuse)**
(Defendant TIMOTHY WARE)

60.	Plaintiff realleges paragraphs 1 through 30 of the Facts Common to All Counts as if they were set forth in full in this Count Five.

61.	The acts of Defendant TIMOTHY WARE on September 15, 2012, as described

above, were done intentionally, willfully and wantonly, or with such reckless disregard for their natural consequences as to constitute the tort of sexual abuse under the laws and constitution of the State of Illinois, and did directly and proximately cause the physical and psychological injuries, pain and suffering, severe mental distress, anguish, humiliation, and loss of liberty, as alleged above.

**WHEREFORE**, Plaintiff Ashley Robinson requests that the Court enter a judgment in favor of Plaintiff and against Defendant TIMOTHY WARE for actual or compensatory damages. Additionally, because the Defendant acted maliciously, willfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutional rights, Plaintiff requests that she be awarded punitive damages from this Defendant. Plaintiff also requests that she be awarded her costs and whatever additional relief this Court deems equitable and just.

**COUNT VI**
**DEFENDANT INTENTIONALLY INFLICTED**
**EMOTIONAL DISTRESS UPON PLAINTIFF**
**(Pendent State Claim - Intentional Infliction of Emotional Distress)**
(Defendant TIMOTHY WARE)

62. Plaintiff realleges paragraphs 1 through 30 of the Facts Common to All Counts as if they were set forth in full in this Count Six.

63. The acts of Defendant TIMOTHY WARE on September 15, 2012, as described above, constitute extreme and outrageous conduct and were done in a wanton and willful manner.

64. Defendant TIMOTHY WARE intended that his conduct, as set forth above, should inflict severe emotional distress and/or knew that there was a high probability that his conduct would cause severe emotional distress.

65. The conduct of Defendant TIMOTHY WARE, as set forth above, did in fact cause Plaintiff Ashley Robinson to suffer severe emotional distress.

**WHEREFORE**, Plaintiff Ashley Robinson requests that the Court enter a judgment in favor of Plaintiff and against Defendant TIMOTHY WARE for actual or compensatory damages. Additionally, because the Defendant acted maliciously, willfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutional rights, Plaintiff requests that she be awarded punitive damages from this Defendant. Plaintiff also requests that she be awarded her costs and whatever additional relief this Court deems equitable and just.

## COUNT VII
## DEFENDANTS NEGLIGENTLY FAILED TO PROTECT PLAINTIFF
### (Pendent State Claim - Negligence)
(Defendant HANSBRO)

66. Plaintiff realleges paragraphs 1 through 30 of the Facts Common to All Counts as if they were set forth in full in this Count Seven.

67. Defendant HANSBRO owed Ms. Robinson a duty to provide a safe and secure living environment.

68. Defendant HANSBRO breached her duty to Plaintiff in one or more of the following ways:

   a. failed to take steps to protect Plaintiff from being attacked by Defendant WARE;

   b. failed to reasonably supervise and train their staff in order to minimize the risk staff attacks on female inmates, even though defendants were aware of complaints of sexual attacks by correctional officers.

69. As a proximate result of the above described conduct of Defendant HANSBRO, Ms. Robinson suffered and continues to suffer physical and psychological injuries, pain, suffering, severe mental distress, anguish, humiliation, and loss of liberty.

**WHEREFORE**, Plaintiff Ashley Robinson requests that the Court enter a judgment in favor of Plaintiff and against Defendant HANSBRO for actual or compensatory damages. Additionally, because Defendant HANSBRO acted maliciously, willfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutional rights, Plaintiff requests that the Court award her punitive damages from Defendant HANSBRO.

## COUNT VIII
## DEFENDANT NEGLIGENTLY FAILED TO PROTECT PLAINTIFF
### (Pendent State Claim - Negligence)
(Defendants FORAKER, RINKER and BAYER)

70. Plaintiff realleges paragraphs 1 through 30 of the Facts Common to All Counts as if they were set forth in full in this Count Eight.

71.     Defendants FORAKER, RINKER and BAYER owed Ms. Robinson a duty to provide protection and to prevent Ms. Robinson from being left alone with a male correctional officer.

72.     Defendants FORAKER, RINKER and BAYER breached their duty to Plaintiff in one or more of the following ways:

   a.   failed to take steps to protect Plaintiff from being attacked by Defendant WARE; or

   b.   failed to reasonably ensure that Ms. Robinson was not left alone with Defendant WARE, a male correctional officer.

73.     As a proximate result of the above described conduct of Defendants FORAKER, RINKER and BAYER, Ms. Robinson suffered and continues to suffer physical and psychological injuries, pain, suffering, severe mental distress, anguish, humiliation, and loss of liberty.

**WHEREFORE**, Plaintiff Ashley Robinson requests that the Court enter a judgment in favor of Plaintiff and against Defendants FORAKER, RINKER and BAYER for actual or compensatory damages. Additionally, because the Defendants acted maliciously, willfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutional rights, Plaintiff requests that the Court award her punitive damages from this defendant.

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Louis J. Meyer
Meyer & Kiss, LLC
311 West Stratford Drive
Peoria, Illinois 61614
p. 309.713.3751
e. louismeyer@meyerkiss.com