E-FILED
Tuesday, 22 October, 2013  01:58:02 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| ASHLEY ROBINSON, | |
| **Plaintiff,** | |
| v. | Case No. 13-2039 |
| SHELITH HANSBRO et al., | |
| **Defendants.** | |

## REPORT AND RECOMMENDATION

Plaintiff Ashley Robinson, a former inmate at Decatur Correctional Center (DCC), brings claims of unnecessary and wanton infliction of pain and deliberate indifference to need for protection under 42 U.S.C. § 1983 and assault and battery, sexual abuse, intentional infliction of emotional distress, and negligence under Illinois law, alleging that correctional officer (CO) Timothy Ware sexually abused her and that COs Nicholas Foraker, Amander Rincker, and Theresa Bayer failed to protect her.  Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff's Section 1983 claims raise a federal question.  The Court exercises supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

In June 2013, Defendants Foraker, Rincker, and Bayer filed a Motion To Dismiss (#22) Count III and Count VIII.  In July 2013, Plaintiff filed a response in opposition (#27).  After reviewing the parties' materials, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss (**#22**) be **GRANTED IN PART** and **DENIED IN PART**.

## I.  Background

The Court takes the following allegations from Plaintiff's complaint and her response brief, to the extent she adds allegations consistent with her complaint.[1]  Plaintiff alleges that, on

---

[1] *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir. 2008) (explaining that plaintiff may present additional facts in brief "as long as they are consistent with the complaint" (citing *Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962, 963 (7th Cir. 1992) ("A plaintiff need not put all of the essential facts in the complaint.  He

September 15, 2012, Foraker and Rincker were on duty at Plaintiff's housing unit. Ware called the unit and requested Plaintiff be taken to the prison gymnasium. DCC policy prohibited individual COs from calling inmates down from their units without prior approval. Foraker escorted Plaintiff to the hallway outside the housing unit, where they encountered Rincker, who offered to take Plaintiff to the gymnasium. Rincker escorted Plaintiff partway to the gymnasium then let her continue unaccompanied. Once inside the gymnasium, Ware took Plaintiff to a classroom, told her to wait, and locked her inside. At this point, Bayer walked by the classroom and talked with Ware within hearing distance of Plaintiff. After their conversation, Ware re-entered the classroom, took Plaintiff into a storage closet, and ordered Plaintiff to perform sexual acts on him. Ware then ordered Plaintiff to return to her housing unit. Plaintiff alleges that, at the time of the incident, Foraker, Rincker, and Bayer were aware of prior complaints from other female inmates that Ware sexually abused them.

In Count III, Plaintiff brings a Section 1983 claim against Foraker, Rincker, and Bayer for failure to protect Plaintiff, in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. In Count VIII, Plaintiff brings a state law claim of negligence against Foraker, Rincker, and Bayer, claiming that they breached their duty as correctional officers to protect Plaintiff by: (1) "fail[ing] to take steps to protect Plaintiff from being attacked by Defendant Ware," or (2) "fail[ing] to reasonably ensure that Ms. Robinson was not left alone with Defendant Ware, a male correctional officer."  (#1, ¶¶ 72(a)-(b).)

## II.  Legal Standard

Defendants move to dismiss Count III for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss for failure to state a claim serves to test the sufficiency of the complaint, not to decide the merits of the case. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

may add them by affidavit or brief . . . .")));  *Pierce v. Ill. Dep't of Human Servs.*, 128 F. App'x 534, 537 (7th Cir. 2005) ("Precisely because a plaintiff need not plead all the facts necessary to show recovery for a particular legal theory, it is perfectly appropriate to supplement a complaint with additional factual assertions in an affidavit or brief in order to forestall dismissal . . . ." (citations omitted)).

570 (2007)).  To meet this standard, the allegations in the complaint must, one, be detailed enough to "give the defendant 'fair notice of what the claim is and the grounds upon which it rests,'" and, two, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'"  *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554, 555) (alteration omitted).

In considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations in the pleadings, *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012), but, as noted above, the Court also reviews additional facts presented in the plaintiff's opposition brief that are consistent with the complaint, *see Flying J Inc. v. City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir. 2008).  The Court must evaluate the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor.  *AnchorBank*, 649 F.3d at 614.  Importantly, however, the Court does not accept as true mere legal conclusions or "[t]hreadbare recitals of the elements of a cause of action."  *Iqbal*, 556 U.S. at 678.

Additionally, Defendants move under Rule 12 to dismiss Count VIII on the basis of sovereign immunity, but they do not invoke a specific provision of the rule.  If sovereign immunity applies, the Illinois Court of Claims has sole authority to hear Count VIII, and this Court lacks subject matter jurisdiction.  *Turner v. Miller*, 301 F.3d 599, 602 (7th Cir. 2002) (finding sovereign immunity applied to prisoner's negligence claim and dismissing the claim for lack of subject matter jurisdiction).  Therefore, the Court construes Defendants' arguments regarding Count VIII as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  When reviewing a motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff.  *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003).

### III.  Analysis

### A.  Count III

Defendants move for dismissal of Count III, Plaintiff's Section 1983 failure to protect claim, because Plaintiff does not allege that Defendants knew she was in danger.  Alternatively, Defendants contend that qualified immunity bars Plaintiff's Section 1983 claim.

"The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials 'take reasonable measures to guarantee the safety of the inmates.'"  *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  A plaintiff states a claim that prison officials failed to protect her from harm, in violation of the Eighth Amendment, by alleging that (1) she was "incarcerated under conditions posing a substantial risk of serious harm," and (2) the "defendant-officials acted with 'deliberate indifference' to that risk."  *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834).

The Court finds—and notes that Defendants do not dispute—that Plaintiff satisfies the first requirement of a failure to protect claim.  Ware, apparently in violation of DCC policy, independently called Plaintiff down from her housing unit and requested her presence in the prison gym.  Other female inmates had complained that Ware sexually abused them.  Accepting these facts as true, Plaintiff sufficiently alleges that she was incarcerated under conditions posing a substantial risk of serious harm.  *See, e.g., Brown*, 398 F.3d at 911 ("When circumstances conspire to find a serial assailant with unsupervised access to his target prey, a heightened risk of assault does inescapably arise.  Having alleged such exposure to a heightened risk of assault, posed by a specific individual with allegedly known violent propensities, [plaintiff] has alleged a sufficiently substantial risk.").

Defendants do contest, however, whether Plaintiff pleads facts sufficient to satisfy the second requirement.  A prison official acts with "deliberate indifference" when "he knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it[,]" *Farmer*, 511 U.S. at 847, or "consciously turn[s] a blind eye toward an obvious risk," *Santiago*, 599 F.3d at 759.  "Whether a prison official had the requisite

knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842 (citation omitted).

### 1. Defendants Foraker and Rincker

Foraker and Rincker argue that Plaintiff does not allege that they knew Ware was alone in the gym or that he requested Plaintiff's presence for an improper purpose. They add that Plaintiff does not allege that they "had any reason to suspect Ware presented a danger to plaintiff." (#23, p. 3.)

Although Plaintiff does not specifically allege that Foraker and Rincker knew that Ware intended to be alone with Plaintiff for an improper purpose, Plaintiff presents facts that support a reasonable inference that Foraker and Rincker knew that Plaintiff faced a substantial risk of serious harm, which is all Plaintiff needs to survive a motion to dismiss. Plaintiff alleges that Foraker and Rincker knew that other female inmates accused Ware of sexual abuse and that, despite a policy prohibiting individual officers from calling inmates down from their units without prior approval, Ware requested Plaintiff's presence in the gym. Taken together, these facts support an inference Foraker and Rincker were aware of a substantial risk of harm to Plaintiff.

### 2. Defendant Bayer

In contrast, Plaintiff fails to allege facts from which this Court could reasonably infer that Bayer knew of a substantial risk of harm to Plaintiff. Although whether an official knew of a substantial risk is generally a question of fact, *see Farmer*, 511 U.S. at 842, the Seventh Circuit has affirmed dismissal of a failure to protect claim when the complaint fails either to allege that an official knew of the impending harm or contain any allegations that could support an inference that the official knew. *See, e.g., Santiago*, 599 F.3d at 756-57.

Plaintiff alleges that Bayer talked with Ware outside the classroom while Plaintiff was locked inside and that Bayer failed to inspect the classroom. According to Plaintiff, had Bayer

inspected the classroom, Bayer would have discovered Plaintiff and could have prevented Ware's sexual assault.  Importantly, however, "an official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of punishment."  *Farmer*, 511 U.S. at 838.  Therefore, Bayer's failure to search the classroom and find Plaintiff cannot be the basis for a failure to protect claim.  The Court cannot reasonably infer that Bayer knew of a substantial risk of harm to Plaintiff because Plaintiff presents no facts to suggest that Bayer knew that Ware requested Plaintiff's presence, that Ware was alone with Plaintiff, or even that Plaintiff was in the classroom.  Therefore, the Court recommends dismissing Plaintiff's Section 1983 claim against Bayer but granting Plaintiff leave to amend so that, if appropriate, she may add facts that form a plausible Section 1983 claim against Bayer.

### 3.  Qualified Immunity

Defendants contend that "[i]f this Court now determines that defendants who lacked actual knowledge of a danger to an inmate can be held liable for deliberate indifference, this would represent a change in the existing law and the defendants would be entitled to qualified immunity."  (#23, p. 5.)  As explained above, Plaintiff's allegations are sufficient for the Court to infer that Foraker and Rincker were aware of a substantial risk of harm to Plaintiff.  This reasoning does not represent a change in existing law.  Rather, the Court has simply drawn all reasonable inferences in Plaintiff's favor, as required by standards governing motions to dismiss.

### B.  Count VIII

Defendants argue that sovereign immunity bars this Court from hearing Plaintiff's state law negligence claims in Count VIII.

Where allegations of wrongful conduct "'ar[i]se out of the State employee's breach of a duty that is imposed on him *solely* by virtue of his State employment, sovereign immunity will bar maintenance of the action' in any court other than the Illinois Court of Claims."  *Turner v. Miller*, 301 F.3d 599, 602 (7th Cir. 2002) (quoting *Currie v. Lao*, 592 N.E.2d 977, 980 (Ill. 1992)).  Illinois courts have articulated a three-pronged test for determining whether a claim

against a state employee is subject to sovereign immunity and, therefore, must be heard by the

Illinois Court of Claims:

> [W]hen 'there are (1) no allegations that an agent or employee of the State acted
> beyond the scope of his authority through wrongful acts; (2) the duty alleged to
> have been breached was not owed to the public generally independent of the fact
> of State employment; and (3) where the complained-of actions involve matters
> ordinarily within that employee's normal and official functions of the State.

*Price v. State*, 820 N.E.2d 104, 106 (Ill. App. Ct. 2004) (quoting *Healy v. Vaupel*, 549 N.E.2d

1240, 1247 (Ill. 1990)).  Plaintiff argues that these criteria are not satisfied and that this Court

may hear Count VIII.

First, Plaintiff alleges that Defendants' conduct was beyond the scope of their authority

because it exhibited a reckless disregard for Plaintiff's safety.  However, Illinois courts have

explained that "an employee acting in furtherance of the employer's purposes can engage in

wilful and wanton conduct, which is a form of negligence, without exceeding the scope of

authority." *James v. Albergo*, 626 N.E.2d 1127, 1132 (Ill. App. Ct. 1993).  Thus, even when a

plaintiff alleges reckless conduct, a state employee's acts are within his scope of authority

"where the alleged facts are consistent with an intent to further the state's business." *See Sellers

v. Rudert*, 918 N.E.2d 586, 592 (Ill. App. Ct. 2009).  A plaintiff may establish that a state

employee exceeded the scope of his authority by "alleg[ing] specific facts demonstrating the

defendant[] harbored any personal animosity toward the plaintiff or indicating [the defendant]

committed the alleged acts for reasons other than what the defendant[] perceived to be in the best

interests of the state agency." *Id.*  Here, there are no allegations to suggest that Foraker, Rincker,

and Bayer harbored personal animosity towards Plaintiff or acted other than with an intent to

further the state's business.  Therefore, Foraker, Rincker, and Bayer's conduct falls within the

scope of their authority.

Second, Plaintiff argues that Defendants owed a duty, independent of their status as state

employees, to protect Plaintiff from sexual assault because "[p]ublic and private employees alike

can be liable for the tort of failure to protect persons from sexual assault."  (#27, p. 4).  To

determine whether a duty is independent of a defendant's status as a state employee, "the proper

inquiry is to analyze the source of the duty the employee is charged with breaching in

committing the allegedly negligent act." *Currie*, 592 N.E.2d at 980. "Where the charged act of negligence arose out of the State employee's breach of a duty that is imposed on him *solely* by virtue of his State employment, sovereign immunity will bar . . . the action . . . ." *Id.*; *see, e.g.*, *Healy*, 549 N.E.2d at 1248 (holding, where student sued her state university gymnastics coaches, that sovereign immunity applied because coaches' duty to student arose from coaches' state employment). "Conversely, where the employee is charged with breaching a duty imposed on him *independently* of his State employment, sovereign immunity will not attach . . . ." *Currie*, 592 N.E.2d at 980. Stated differently, "an independent duty is a duty imposed by the employee's status as something other than an employee[,]" *Brandon v. Bonell*, 858 N.E.2d 465, 480 (Ill. App. Ct. 2006), such as a physician's professional duty of care, *Madden v. Kuehn*, 372 N.E.2d 1131, 1135 (Ill. App. Ct. 1978) (stating that sovereign immunity did not apply because physician, regardless of being publicly or privately employed, owed a special duty of care to all patients).

Here, any duty to protect Plaintiff while she was an inmate at DCC arose from Defendants' status as state correctional officers. Plaintiff cites no independent source, professional or otherwise, for the duty to protect that Defendants owed Plaintiff. Accordingly, the Court finds that Defendants' duty existed solely because of their state employment.

Third and finally, Plaintiff argues that Defendants' failure to protect her does not involve matters ordinarily within their normal and official functions because Defendants engaged in tortious conduct. However, "[i]f one could defeat sovereign immunity by simple reference to a tort, there would be no such thing as sovereign immunity to tort actions." *Jackson v. Alverez*, 831 N.E.2d 1159, 1164-65 (Ill. App. Ct. 2005). Accordingly, Plaintiff's argument does not convince the Court that Defendants' conduct fell outside their normal and official functions.

Therefore, the Court finds that sovereign immunity applies to Plaintiff's state law negligence claims and concludes that Count VIII must brought before the Illinois Court of Claims.

### IV.  Summary

For the reasons stated above, the Court recommends that Defendants Foraker, Rincker, and Bayer's Motion To Dismiss (**#22**) be **GRANTED IN PART** and **DENIED IN PART**.  The Court recommends dismissing Plaintiff's Section 1983 claim against Bayer in Count III with leave to amend; denying Defendants' motion to dismiss Plaintiff's Section 1983 claims against Foraker and Rincker in Count III; and dismissing Count VIII in its entirety for lack of subject matter jurisdiction.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) working days after being served with a copy of the Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21 Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 22nd day of October, 2013.

_____
s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE