## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| ASHLEY ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 13-CV-2039 |
| ) | |
| SHELITH HANSBRO, TIMOTHY WARE, ) | |
| and NICHOLAS FORAKER, ) | |
| ) | |
| Defendants. ) | |
| And ) | |
| ) | |
| TIMOTHY WARE, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| v. ) | |
| ) | |
| ASHLEY ROBINSON, ) | |
| ) | |
| Counter-Defendant. ) | |

### ORDER

This case is before the court for ruling on the Motions in Limine (#60, #61, #62) filed by the parties.  This court has carefully reviewed the Motions and the Responses (#63, #64, #65).  Following this careful and thorough review, the Motions in Limine (#60) filed by Defendants Shelith Hansbro and Nicholas Foraker are DENIED without prejudice; the Motions in Limine (#61) filed by Defendant Timothy Ware are GRANTED in part and DENIED in part; and the Motions in Limine (#62) filed by Plaintiff Ashley Robinson are GRANTED in part and DENIED in part.

BACKGROUND

On February 12, 2013, Plaintiff filed her Complaint (#1) pursuant to 42 U.S.C. § 1983.  Plaintiff alleged that Defendant Ware forced her to engage in sexual acts on September 15, 2012, while she was an inmate at Decatur Correctional Center.  Ware was a correctional officer at that time.  Plaintiff alleged that Ware's actions constituted unnecessary and wanton infliction of pain and violated her Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff also alleged that Defendants Hansbro and Foraker failed to protect Plaintiff and were deliberately indifferent to her need for protection in violation of her Eighth Amendment rights.  In addition, Plaintiff brought state law claims for assault and battery, sexual abuse, and intentional infliction of emotional distress against Ware.  On May 13, 2013, Ware filed an Answer and Affirmative Defenses (#16) and denied Plaintiff's allegations that he sexually assaulted her.  Ware also filed a Counterclaim (#17) against Plaintiff.  Ware claimed that Plaintiff was liable for defamation, intentional infliction of emotional distress, and abuse of process.

This case is set for a final pretrial conference on November 23, 2015, at 10:30 a.m. and a jury trial on December 1, 2015, at 9:30 a.m.

MOTIONS IN LIMINE

STANDARD

The "motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). District courts have "broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). A motion *in limine* "performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson*, 115 F.3d at 440. Therefore, "the party moving to exclude evidence *in limine* has the burden of establishing the evidence is not admissible for any purpose." *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009). Unless this high standard is met, rulings on evidentiary matters should be deferred until trial so that issues of foundation, relevance and prejudice may be resolved in the proper context. *Mason*, 631 F. Supp. 2d at 1055-56; *Townsend v. Benya*, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003); *see also Jonasson*, 115 F.3d at 440.

HANSBRO AND FORAKER MOTIONS

On October 23, 2015, Defendants Hansbro and Foraker filed their Motion in Limine (#60). Defendants Hansbro and Foraker first stated that Plaintiff has indicated that she intends to offer evidence regarding information they learned after the alleged attack on September 15, 2012, as well as actions taken by Defendant Ware after he was accused of the attack. Defendants stated that this included testimony and exhibits obtained as part of the internal investigation into Plaintiff's allegations against Ware, reports related to Ware's reaction to the investigation, and statements made by Ware and other witnesses after September 15, 2012.

Defendants argued that, to establish that Defendants acted with deliberate indifference to her safety, Plaintiff must produce evidence that they had actual knowledge of information that would allow them to conclude that Plaintiff was at risk. Defendants argued that any information they learned after the alleged attack is irrelevant to this determination. Defendants argued that admitting this information has the potential to confuse the jury, as the jury should only be considering what Defendants knew before the alleged attack. Defendants asked this court to bar this evidence. Defendants also stated that, to the extent that this information is relevant to Plaintiff's claims against Ware, they asked for a limiting instruction telling the jury the evidence is not to be considered in the claims against them.

For their second request, Defendants asked for an order binding Plaintiff to her responses to interrogatories and barring her from offering any evidence not disclosed in the interrogatories.

On November 5, 2015, Plaintiff filed her Response (#64). As to Defendants' first request, Plaintiff stated that she acknowledged that facts not known to Defendants Hansbro and Foraker prior to the attack are not relevant to demonstrate that they were deliberately indifferent to her safety. Plaintiff stated, however, that Defendants were vague in their description of exactly what evidence they were referring to. Plaintiff also stated that she had no objection to a limiting instruction regarding evidence admitted only against Defendant Ware.

As to Defendants' second request, Plaintiff stated that she did not intend to testify to any matters that were not disclosed in her written discovery response or that was not elicited in the depositions of the parties and witnesses. Plaintiff also stated that it was difficult to respond because Defendants did not provide any specific reference to any evidence Defendants think Plaintiff will improperly present at trial. Plaintiff argued that both of Defendants' requests should be denied without prejudice, with any objection to offered evidence to be addressed at trial.

This court agrees with Plaintiff that Defendants have not stated with specificity the evidence they contend is inadmissible. This court therefore concludes that Defendants have not met their burden to show that the evidence is inadmissible for any

purpose at trial.  This court further agrees with Plaintiff that Defendants' Motions in Limine (#60) should be denied without prejudice at this time.

WARE MOTIONS

On October 23, 2015, Defendant Ware filed his Motions in Limine (#61).  On November 5, 2015, Plaintiff filed her Response (#65).   Ware first asked for an order barring Plaintiff from offering testimony regarding his criminal convictions and/or arrests.  Ware stated that he has never been convicted of a crime that is punishable by death or imprisonment for more than one year and does not have any misdemeanor convictions involving dishonest acts or false statements.  Ware argued that evidence regarding his convictions and/or arrests is not admissible under Rule 609 or 403 of the Federal Rules of Evidence.

In her Response, Plaintiff stated that she intends to introduce evidence regarding the eight felony counts against Ware for official misconduct which stem from his role as a correctional officer.  Plaintiff stated that Ware is charged with acquiring phone numbers of inmates about to be released on parole in his capacity as a correctional officer and then trying to contact them to set up dates.  Ware is also charged with lying about his activity to investigators when confronted.  Plaintiff stated that she is not attempting to introduce this evidence under Rule 609, but instead intends to use this evidence under Rule 404(b).  Plaintiff argued that the evidence of Ware's arrest for official misconduct will show his intent, opportunity and plan of using his position as a correctional officer to take advantage of inmates.  Plaintiff argued that the evidence is

also admissible under Rule 608(b) which allows impeachment of a witness by questioning about specific instances of conduct for the purpose of attacking the witness's character for truthfulness.  Plaintiff argued that the evidence will show that Ware lied to investigators about contacting the parolees and that is directly relevant to Ware's character for truthfulness.

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" but "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).  The Seventh Circuit has established a four-part test for the admissibility of evidence under Rule 404(b):

> [A]dmission of evidence of prior or subsequent acts will be approved if (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue . . ., (3) the evidence is clear and convincing, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*Young v. Rabideau*, 821 F.2d 373, 378 (7th Cir. 1987), *quoting United States v. Shackleford*, 738 F.2d 776, 779 (7th Cir. 1984).

In considering the four-part test, this court agrees with Plaintiff that the evidence

7

of the charges against Ware is relevant to show his intent, opportunity and plan of

using his position as a correctional officer to take advantage of the female inmates at

Decatur Correctional Center.  This court also concludes that it appears, at this stage of

the proceedings, that the evidence is similar enough and close enough in time to be

relevant, the evidence is clear and convincing, and the very high probative value of the

evidence is not substantially outweighed by the danger of unfair prejudice.  This court

therefore concludes that the evidence is admissible under Rule 404(b).  *See Young*, 821

F.2d at 379-82.

This court also agrees with Plaintiff that Ware may be impeached using this

evidence under Rule 608(b).  Rule 608(b) provides that a court may, on cross-

examination, allow "specific instances of a witness's conduct in order to attack or

support the witness's character for truthfulness" to be inquired into "if they are

probative for the character for truthfulness or untruthfulness" of the witness.  Fed. R.

Evid. 608(b).  The "reason for allowing cross-examination under Rule 608(b) is to allow

a party to attempt to cast doubt on a witness's reliability for telling the truth."  *Varhol v.*

*Nat'l R.R. Passenger Corp.*, 909 F.2d 1557, 1567 (7th Cir. 1990).  This court agrees with

Plaintiff that this evidence will show that Ware lied to investigators about contacting

the parolees and this is directly relevant to Ware's character for truthfulness.

This court therefore concludes that Ware has not shown that this evidence is

inadmissible for all purposes and this request is DENIED.

For his second request, Ware asked this court to enter an order prohibiting

Plaintiff from offering evidence or testimony about other lawsuits involving him.  Ware stated that he worked with a particularly litigious subset of the population and any references to other lawsuits involving Defendant would be irrelevant and prejudicial. In her Response, Plaintiff stated that she will not be asking Ware about his prior lawsuits and does not object to this request.  Accordingly, Ware's second request is GRANTED.

Ware's third request is for an order barring testimony regarding his prior bad acts.  Ware stated that, subsequent to this alleged incident, he was suspended and then discharged from the Illinois Department of Corrections (IDOC) because of disciplinary violations unrelated to this cause of action.  Ware stated that evidence of his prior bad acts, specifically his disciplinary history with the IDOC, is not admissible to prove that he acted in accordance with a character or trait under Rule 404(a) of the Federal Rules of Evidence.  Ware did note that specific instances of conduct may be raised during cross-examination, without extrinsic evidence, if they are probative of the witness's character for truthfulness or untruthfulness pursuant to Rule 608(b) of the Federal Rules of Evidence.

Plaintiff has responded by stating that she does anticipate using evidence regarding Ware's suspension and discharge from the IDOC and his prior discipline and investigations related to sexual misconduct and harassment at the prison.  Plaintiff argued that this evidence is not only admissible against Ware under Rule 404(b) and Rule 608(b), but this type of evidence is extremely relevant to Plaintiff's claims against

Hansbro and Foraker.  Plaintiff argued that the knowledge of Ware's history is essential to Plaintiff's claims against Hansbro and Foraker and the Seventh Circuit has allowed such evidence if it goes towards the knowledge at issue.  *See, e.g., Huddleston v. United States*, 485 U.S. 681, 686 (1988).  Plaintiff also noted that she is seeking punitive damages and Ware's history of sexual harassment is relevant to his intent and therefore to punitive damages.

This court agrees with Plaintiff that this evidence appears highly relevant to her claims and the issue of punitive damages.  This court notes that the case cited by Ware, *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006) does not support his argument that this evidence should not be admitted.  In *Thompson*, the Seventh Circuit held that the district court did not abuse its discretion when it did not allow evidence of the General Orders, policies and procedures of the Chicago Police Department (CPD) to be presented at trial.  *Id.* at 455.  The court stated that whether the police officer's "conduct conformed with the internal CPD General Orders concerning the use of force on an assailant was irrelevant to the jury's determination of whether his actions on December 5, 2000 were 'objectively reasonable' under the Fourth Amendment."  *Id.*  This court concludes that the situation here is entirely different.  Plaintiff is not attempting to introduce evidence of a general policy of the correctional center but instead is attempting to introduce evidence that Ware engaged in inappropriate conduct at the correctional center similar to the conduct he is alleged to have engaged in which caused Plaintiff's injuries.  In addition, *Thompson* was a Fourth Amendment case, not an Eighth

Amendment case.  In the Eighth Amendment context, the Seventh Circuit has held that the knowing violation of prison rules, although not dispositive, is relevant evidence. *Maus v. Greening*, 2012 WL 4903326, at *2 (E.D. Wis. 2012), *citing Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009).  Therefore, for all of the reasons stated, Ware's third request is DENIED.

For his fourth request, Ware asked for an order barring Plaintiff from testifying at trial regarding causation of any medical or mental health condition or any statements made by any medical health provider.  Ware argued that, without medical knowledge, skill, experience, training, and/or education, Plaintiff is not equipped to render conclusions or opinions about the cause of her medical or mental conditions.  Ware cited *Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001), where the Seventh Circuit stated that, "[w]holly lacking in medical knowledge as he was, the plaintiff was incompetent to testify on the causal relation between exercise and healthy gums."  Ware also argued that out-of-court statements made by a medical professional not contained in admissible medical records are inadmissible hearsay.

In her Response, Plaintiff argued that, under Rule 701 of the Federal Rules of Evidence, a lay witness is limited to testifying about her "own perceptions, including the physical and emotional effects of the defendants' alleged conduct." *Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 821 (N.D. Ill. 2010).  She also argued that a "plaintiff may rely on lay testimony when causation is within the understanding of a lay person." *McAllister v. Price*, 615 F.3d 877, 882 (7th Cir. 2010); *see also Hendrickson v. Cooper*, 589 F.3d

887, 892 (7th Cir. 2009) ("No expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations."). Plaintiff also pointed out that courts have admitted testimony of lay witnesses regarding injuries claimed by a plaintiff. *See Townsend v. Benya*, 287 F. Supp. 2d 868, 875 (N.D. Ill. 2003). Plaintiff stated that she does not intend to testify as to any formal diagnosis or medical prognosis. She argued, however, that it is plainly proper for her to testify about her own mental and physical injuries, the treatment she received, and the symptoms she experienced.

This court agrees with Plaintiff that the case law supports admitting the kind of evidence she is seeking to present. This court concludes that Plaintiff's case does not present a complicated question of medical causation. *See Hendrickson*, 589 F.3d at 892. Ware's fourth request is DENIED.

## PLAINTIFF'S MOTIONS

On October 23, 2015, Plaintiff filed her Motions in Limine (#62). On November 2, 2015, Defendants Hansbro and Foraker filed their Response (#63). Defendant Ware did not file a response.

Plaintiff first requested a order barring evidence of her prior convictions. Plaintiff stated that she has three felony convictions from 2008 for aggravated robbery. Plaintiff stated that the three convictions all stem from one crime spree in which Plaintiff was the driver. Plaintiff argued that her credibility may be the biggest issue at trial. She also pointed out that the jury will be aware that she was incarcerated in a prison at the time

of the incident.  Plaintiff asked this court to limit Defendants to admission of only one of Plaintiff's 2008 felony convictions, without going into details.  She asked that the jury be informed that she is a convicted felon and nothing more.

In their Response, Hansbro and Foraker argued that the case law cited by Plaintiff shows that the usual amount of information allowed for impeachment under Rule 609 of the Federal Rules of Evidence includes the crime charged, the date, and the disposition.  Defendants stated that they agreed that details of the crime should not be discussed, but argued that the three crimes charged, the dates, and the disposition of each should be admitted.

Rule 609 provides:

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant.

Fed. R. Evid. 609(a)(1)(A).  Rule 403 states that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiff is correct that, when allowing the use of a conviction to impeach credibility, courts have stated that "all that is needed to serve the purpose of

challenging the witness's veracity is the elicitation of the crime charged, the date, and the disposition." *Young v. James Green Mgmt.*, 327 F.3d 616, 625-26 (7th Cir. 2003); *quoting Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992). Based upon this case law, this court agrees with Defendants that evidence of Plaintiff's convictions may be admitted for impeachment purposes under Rule 609(a)(1)(A). The Seventh Circuit has stated that the rationale for allowing a prior crime to be used to undermine testimony "is that a person who has committed a serious crime is more likely than a law-abiding person to lie on the stand even if the case in which he is testifying has nothing to do with that crime." *Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009). While the Seventh Circuit noted some problems with this rationale, it stated that a "rule is a rule; Rule 609 does permit the use of a felony conviction to impeach a witness." *Schmude*, 556 F.3d at 628. Rule 609(a)(1)(A) states that this evidence "must" be admitted, subject to Rule 403. Therefore, as long as a finding is made that the probative value of the evidence is not outweighed by the danger of unfair prejudice, the evidence is admissible.

This court thus concludes that evidence that Plaintiff has felony convictions is clearly probative on the issue of her credibility and the probative value of this evidence is not outweighed by the danger of unfair prejudice. The question then becomes whether the jury should be told, as Defendants have requested, that Plaintiff was convicted of three aggravated robberies. This court concludes that allowing Defendants to present evidence that Plaintiff was convicted of aggravated robbery charges in 2008 will be sufficient for impeachment and will lessen the prejudicial impact so that the

14

danger of unfair prejudice will not outweigh the probative value of the evidence.

This court agrees with Plaintiff that her credibility will be a very important issue at trial.  This court concludes, however, that by limiting Defendants to presenting evidence that Plaintiff was convicted of aggravated robbery charges in 2008, the probative value of Plaintiff's convictions in this case are not outweighed by the danger of unfair prejudice.  Accordingly, Plaintiff's request is GRANTED in part and DENIED in part.  Defendants will be allowed to impeach Plaintiff's credibility with evidence that Plaintiff was convicted of aggravated robbery charges in 2008.  No further impeachment with this evidence will be allowed.

Plaintiff's second request is for an order barring Defendants from presenting evidence concerning Plaintiff's bad acts or character, including past arrests.  Defendants stated that they do not intend to offer any evidence of arrests that did not result in convictions.  Defendants also stated that it was unclear what other bad acts are included in this motion and stated that they object to it being granted without further details.  This court therefore GRANTS Plaintiff's second request, but only to the extent that it seeks to bar evidence of past arrests.

For her third request, Plaintiff asked this court for an order barring Defendants from introducing any evidence about gang affiliation and tattoos. Defendants responded that they do not intend to offer any evidence of gang affiliation or tattoos. Accordingly, Plaintiff's third request is GRANTED.

Plaintiff's fourth request is for an order barring Defendants from introducing any evidence that was not previously identified in discovery. Defendants responded that they do not intend to offer any undisclosed evidence. Plaintiff's fourth request is GRANTED.

Plaintiff's fifth request is for an order barring Defendants from referring to Plaintiff and witnesses as convicts, offenders, criminals, or prisoners. Plaintiff argued that any such reference would have no probative value, would be prejudicial and inflammatory, and would constitute improper character evidence. In their Response, Defendants stated that they and their counsel intend to refer to Plaintiff as "Ms. Robinson" or "the plaintiff." Defendants stated, however, that more generalized discussions of the prison environment and procedures may involve reference to inmates or prisoners. Defendants stated that this is an accurate description of the population of Decatur Correctional Center and they objected to limiting their ability to use these terms. This court agrees with Defendants and Plaintiff's fifth request is GRANTED in part and DENIED in part. Defendants are to refer to Plaintiff as "Ms. Robinson" or "the plaintiff" but may, in generalized discussions of the prison environment and procedures, refer to inmates or prisoners.

For her sixth request, Plaintiff asked this court to enter an order barring Defendants from eliciting undisclosed opinion testimony. Plaintiff stated that she anticipates that Defendants may try to introduce evidence that Plaintiff's allegations were investigated and were not supported by the evidence. Defendants, in response, stated that they do not intend to offer the conclusions of the internal investigation process. Defendants stated, however, that the investigator will discuss his efforts to look into the activities of Ware prior to the alleged assault at issue, and any otherwise admissible evidence found during the investigations he conducted. Plaintiff's sixth request is GRANTED. The investigator may not present opinion testimony. The admissibility of any other testimony he intends to present will be determined at trial.

Plaintiff's seventh request is for an order barring evidence about Plaintiff's disciplinary history in the IDOC. Defendants stated that they do not intend to offer any evidence of prison discipline not directly related to the events at issue in this case. Plaintiff's seventh request is GRANTED.

For her eighth and last request, Plaintiff asked for an order barring Defendants from arguing that the sexual contact between Plaintiff and Ware was consensual. Plaintiff noted that Illinois law prohibits employees of any penal system or treatment and detention facility from engaging in any type of sexual conduct or penetration with a person who is in the custody of either facility. 720 Ill. Comp. Stat. 5/11-9.2(a). The law states that a prisoner or detainee is deemed incapable of consenting to the sexual conduct. 720 Ill. Comp. Stat. 5/11-9.2(e). Plaintiff stated that it is anticipated that

Defendants will try to downplay the sexual assault by calling it a consensual act and, therefore, Plaintiff was not harmed.  Plaintiff argued that this court should not allow it.

In their Response, Defendants argued that, although state law deems a prisoner unable to consent to sexual contact with a correctional officer, it is still relevant to the emotional and psychological harm resulting from such contact.  Defendants also argued that, if Plaintiff was complicit in the contact, it is relevant to Defendants ability to protect her.

This court disagrees with Defendants' argument.  The purpose of the state law is to protect inmates who, because of the authority correctional officers have over them, may not feel able to resist sexual advances.  Based on the state law, any sexual conduct between Plaintiff and Ware was not consensual, period.  This court concludes that any supposed consent by Plaintiff was most likely coerced by Ware's position of authority. Therefore, this court will not allow Defendants to go down this road.  Plaintiff's eighth request is GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) The Motions in Limine (#60) filed by Defendants Hansbro and Foraker are DENIED without prejudice.

(2) The Motions in Limine (#61) filed by Defendant Ware are GRANTED in part and DENIED in part.

(3)  The Motions in Limine (#62) filed by Plaintiff are GRANTED in part and DENIED in part.

(4) This case remains scheduled for a final pretrial conference on November 23, 2015, at 10:30 a.m. and for a jury trial on December 1, 2015, at 9:30 a.m.

ENTERED this <u>19th</u> day of <u>November</u>, 2015.


s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE